# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID L. SIMPSON,

       Petitioner,    :    Case No. 3:23-cv-253

 - vs -    District Judge Michael J. Newman
   Magistrate Judge Michael R. Merz

JENNY HILDEBRAND, WARDEN,
 Madison Correctional Institution,

                         :
       Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action under 28 U.S.C. § 2254 was brought by Petitioner David Simpson with the assistance of counsel to obtain relief from his conviction in the Common Pleas Court of Greene County in *State v. Simpson*, Case No. 2020-CR-0609 (Petition, ECF No. 1, PageID 2). The case is ripe for decision on the Petition, the State Court Record (ECF No. 10), the Return of Writ (ECF No. 11) and Petitioner's Traverse Reply (ECF No. 15).

The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 16).

**Litigation History**

On April 27, 2018, the Greene County, Ohio, Grand Jury returned an indictment charging Petitioner with murder and felonious assault in the beating death of his father in violation of Ohio Revised Code § 2903.02(B) and 2903.11(A)(2) respectively. (Indictment, State Court Record, ECF

1

No. 10, Exhibit 1). Pursuant to a plea agreement, the parties jointly moved to dismiss the Indictment without prejudice which the court granted. *Id.* at Exs. 3, 4. Also pursuant to the agreement, Simpson waived indictment and agreed to proceed by information. *Id.* at Ex. 6. The State charged him through a bill of information with voluntary manslaughter in violation of Ohio Rev. Code § 2903.03(A), felonious assault in violation of Ohio Rev. Code § 2903.11(A)(2), and tampering with evidence in violation of Ohio Rev. Code § 2921.12(A)(1). *Id.* at Ex. 5.

On September 17, 2020, the Greene County Clerk filed "Rule 11 Notification and Waiver" signed by Petitioner and his counsel. *Id.* at Ex. 8. On the same date the Clerk filed a document labeled "Plea Agreement Report" signed by defense counsel, the prosecutor, and Petitioner which represented that the parties had agreed Petitioner would plead no contest to the charges in the Information. *Id.* Ex. 10. On the same day, the Clerk filed an Entry signed by Judge Buckwalter which recites:

> The Court further FINDS that the Defendant is making this plea knowingly, intelligently, and voluntarily. Upon evidence presented, if applicable, and representations made and accepted, the Court further FINDS that there is a factual basis to support the charge(s) and said plea(s). The Court has complied with Criminal Rule 11.

*Id.* at Ex. 9. Judge Buckwalter then imposed an aggregate sentence of fifteen years imprisonment. *Id.* at Ex. 11.

Petitioner appealed to the Ohio Second District Court of Appeals with newly appointed counsel and pleaded the following Assignments of Error:

1. The trial court erred as a matter of law at the plea hearing when it failed to comply with C.R. 11 (C)(2)(a) and (b) because the no contest plea of the defendant was not made knowingly, intelligently, freely, and voluntarily; thereby denying the Defendant his rights to due process granted by the Ohio and United States Constitutions.

2

    2. The trial court abused its discretion and committed plain error at the plea hearing when it failed to comply with C.R.11 because the no contest plea of the defendant was not made knowingly, intelligently, freely, and voluntarily thereby denying the Defendant his rights to due process granted by the Ohio and United States Constitution.

    3. The no contest pleas entered by the Defendant were not knowingly, intelligent, voluntary, or freely given due to the ineffective assistance of counsel.

(Appellant's Brief, State Court Record, ECF No. 10, Ex. 17, PageID 303).

Petitioner attempted to supplement his brief with a letter to the court explaining that his attorney led him to believe that by entering his plea agreement he could appeal the issue of the allocation of the burden of proof for self-defense in the dismissed murder case and go to trial. The Second District affirmed the conviction, declining to consider Petitioner's letter because it was not part of the appellate record. *State v. Simpson,* 2021-Ohio-2700 (Ohio App. 2nd Dist. Aug. 6, 2021)(copy at State Court Record, ECF No. 10, Ex. 20). The Ohio Supreme Court declined jurisdiction over a further appeal. *State v. Simpson*, 165 Ohio St. 3d 1445 (Nov. 20, 2021).

Petitioner next moved under Ohio R. App. P. 26(B) to reopen his direct appeal on a claim of ineffective assistance of appellate counsel (Application, State Court Record ECF No. 10, Ex. 25). The Second District denied the Application (*Id.* at Ex. 27) and the Ohio Supreme Court declined jurisdiction over a further appeal. *State v. Simpson,* 166 Ohio St. 3d 1510 (May 24, 2022).

On January 21, 2022, while his 26(B) proceedings were pending, Simpson filed a petition for postconviction relief under Ohio Revised Code § 2953.21 (Petition, State Court Record, ECF No. 10, Ex. 32). The trial court denied the Petition on the merits and as procedurally defaulted under the Ohio doctrine of *res judicata*. *Id.* at Ex. 34. Petitioner attempted to appeal, but filed the notice of appeal in the wrong court, the appellate court rather than the trial court, leading to dismissal of the appeal. *Id.* at Ex. 37. The Ohio Supreme Court again declined jurisdiction over a further appeal. *State v. Simpson,* 167 Ohio St. 3d 1528 (Sept. 27, 2022).

On February 14, 2022, Simpson moved in the trial court to withdraw his no contest plea (Motion, State Court Record, ECF No. 10, Ex. 42). The trial court denied the motion. *Id.* at Ex. 43. The State Court Record does not show any appeal of that decision.

Having acquired the assistance of retained counsel, Simpson filed his Petition in this Court on August 31, 2023, pleading the following grounds for relief:

> **Ground 1**: Petitioner's due process rights under the Fifth and Fourteenth Amendments to the Untited [sic] States Constitution were violated when the trial court accepted his no-contest plea that was not knowingly, intelligent [sic] and voluntarily entered by petitioner, and then convicted him on that plea. (see claim 1, part v, infra.)
>
> **Ground 2:** Petitioner was denied the effective assistance of counsel and, accordingly, his convictions violate the Sixth amendment to the United States Constitution. (see claim 2, part vi, infra.)

(Petition, ECF No. 1, Page ID 6).

## Analysis

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") adopted for the first time a statute of limitations for federal habeas corpus cases. As codified at 28 U.S.C. § 2244(d), the statute of limitations provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

  The statute of limitations is an affirmative defense which will be forfeited if not pleaded, but Respondent has raised the defense. By Respondent's calculation, Simpson's conviction became final on direct review on February 7, 2022, when his time for seeking a writ of certiorari from the United State Supreme Court expired (Return of Writ, ECF No. 11, PageID 846). Respondent concedes the statute was tolled under § 2244(d)(2) by the pendency of Simpson's Application for Reopening under Ohio R. App. P. 26(B) through May 24, 2022. *Id.* By Respondent's calculation, the statute then began to run and expired one year later on May 25, 2023, but the Petition was not filed until August 31, 2023. *Id.* at PageID 848. Respondent also concedes that the statute was tolled while Simpson's Petition for Post-Conviction Relief was pending in the trial court, i.e. until April 21, 2022 (See Judgment Entry, State Court Record ECF No. 11, Ex. 34) and for the thirty days thereafter when he could have appealed to the Second District, expiring within days of the finality of the 26(B) proceedings.

  However, when Simpson appealed, he filed his Notice of Appeal in the wrong court. The

5

Second District dismissed the appeal, which it construed as being from dismissal of the post-conviction petition, because it had been filed in the wrong court, that is, the court of appeals rather than the trial court (Decision and Entry of July 8, 2022, State Court Record, ECF No. 11, Ex. 37, PageID 602).  On July 28, 2022, Simpson appealed to the Supreme Court of Ohio (*Id.* at Ex. 38) which declined jurisdiction September 27, 2022. *Id.* at Ex. 41.

Respondent asserts the appeal of the post-conviction denial did not toll the statute because it was not "properly filed" within the intendment of § 2244(d)(2) in that it was filed in the wrong court.  Petitioner asserts that it was an abuse of discretion for the Second District to dismiss the case on that basis, but that is a question of state law which this Court is not empowered to decide. Abuse of discretion by a state court does not deny a party due process of law. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

However, the Magistrate Judge is persuaded the statute was tolled by the post-conviction appeal for the following reasons.  Under Ohio law, certain restrictions on post-conviction petitions are jurisdictional.  For example, an Ohio Common Pleas Court has no jurisdiction to entertain either an untimely post-conviction petition or a second or successive post-conviction petition without making certain preliminary findings of fact. Ohio Revised Code § 2953.23(A).  Similarly, a denial of relief in a post-conviction petition is specifically made appealable by Ohio Revised Code § 2953.23(B).  Under Ohio R. App. P. 4(A)(1), an appeal from a final order of a trial court must be taken within thirty days of its entry.  Ohio R. App. P. 3(A) requires that the notice of appeal be filed in the trial court.  However, it also provides

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal.

6

Thus by Ohio law Simpson's appeal from denial of post-conviction relief was "valid." When the Second District dismissed the appeal because the Notice of Appeal had been filed in the wrong court, it was acting within its discretion[1]. The appeal was therefore pending and tolling the federal statute of limitations until July 8, 2022. Tolling continued while Simpson sought review in the Ohio Supreme Court which denied review September 27, 2022. Because Simpson filed in this Court within one year of that date, his Petition is timely and Respondent's statute of limitations defense should be overruled.

**Merits**

**Ground One: Invalid No Contest Plea**

**Ground Two: Ineffective Assistance Of Trial Counsel**

In his First Ground for Relief, Simpson argues his conviction should be vacated because his no contest plea was not knowing, intelligent, and voluntary. In his Second Ground for Relief, he alleges his invalid plea was induced by advice from his trial attorney which constituted ineffective assistance of trial counsel. He asserts his attorney persuaded him to plead no contest by convincing him he could appeal Judge Buckwalter's intention to use older Ohio law which placed the burden of proof of self-defense on the defendant as opposed to newer law which required the State to disprove at least one element of self-defense by proof beyond a reasonable doubt.

Instead of using the standard form mandated by Habeas Rule 2(d), Petitioner's counsel has filed a thirty-one page Petition which does not include all the information called for by the standard

---

[1] Petitioner asserts this was an abuse of discretion, but that is a question of Ohio law which this Court is not authorized to decide. In general abuse of discretion is not a denial of due process *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

form, accompanied by a nine-page Declaration of Petitioner which summarizes his version of the facts of the incident which led to his conviction and his communications with his trial attorney. The Declaration has a typed rather than hand-written signature and is not in the form required by 28 U.S.C. § 1746, although the document was apparently prepared by counsel.

Simpson's two Grounds for Relief are analyzed here together because they are so strongly interrelated.

As noted above, when Judge Buckwalter accepted Simpson's no contest plea, he found that it was knowing, intelligent, and voluntary (State Court Record, ECF No. 10, Ex. 9.)  Acceptance of the plea was preceded by a plea colloquy under Ohio R. Crim. P. 11.  First of all, Simpson was placed under oath (Transcript, State Court Record, ECF No. 10, Ex. 10-3, PageID 781).  He swore that he was of clear mind and Attorney Kollin agreed with that assessment of his cognition. *Id.* at PageID 782. He swore that he was pleading no contest of his own free will. *Id.* at PageID 783.  He swore that no one had promised him anything or guaranteed him anything to get him to plead no contest. *Id.* at PageID 783.  These sworn statements are of course contrary to the position he now takes.

Judge Buckwalter asked: "Have you talked to them [your attorneys] about the nature of the charges; potential defenses that might be available; the fact that you don't have to plead no contest today; in fact, you can fight the case and have a trial; things like that?  Rather than a mechanical "yes," Simpson answered  "We've discussed that thoroughly, Your Honor" and acknowledged that he was "completely satisfied" with their representation. *Id.* at PageID 784.

Judge Buckwalter stated the basic terms of the agreement to be

> As of today, September 17th, 2020 the negotiated plea is that the Defendant will plead no contest to the charges contained in the Bill of Information. That State recommends an 18-year prison sentence. The Defendant specifically agrees that the charges contained in the

8

> Bill of Information are not allied offenses and do not merge for purposes of sentencing.

*Id.* at PageID 786[2]. The judge advised Simpson of the maximum penalty of twenty-two years. *Id.* When asked if he understood his jury trial right and that he would be giving it up by pleading no contest, Simpson answered "I understand that right but it was expressed to me that the burden was placed on the defense in my particular case however-because it was a self-defense case." Simpson was given an opportunity to speak privately with counsel and then swore he understood he was giving up his right to a jury trial. Simpson was again asked if he was pleading no contest freely, intelligently and voluntarily and he answered yes. Judge Buckwalter then found the plea to be knowing, intelligent, and voluntary and found Simpson guilty. He was sentenced several days later.

On appeal, represented by new counsel Joe Cloud, Simpson claimed his plea was not knowing, intelligent, and voluntary and that his giving the plea was induced by ineffective assistance of trial counsel (Appellant Brief, State Court Record, ECF No. 10, Ex. 17). That brief was filed June 10, 2021. Shortly after it was filed Attorney Cloud moved to supplement the brief with a letter dated May 12, 2021, from Simpson to the Second District which was claimed to have been omitted from the original brief as the result of a "clerical oversight."

In an opinion by Judge Michael Tucker, the Second District affirmed Simpson's convictions. It noted that, to be valid, a plea of no contest must be knowing, intelligent, and voluntary. *State v. Simpson,* 2021-Ohio-2700 (2d Dist. Aug. 6, 2021), at ¶ 7, citing controlling Supreme Court authority *Boykin v. Alabama*, 395 U.S. 238 (1969). Judge Tucker further noted that if a transcript of the plea showed compliance with Ohio R. Crim. P. 11, the plea was presumptively valid and Simpson had produced no evidence to overcome the presumption. *Id.* at

---

[2] From this point further, citations to the PageID numbers are omitted because they are obscured in the record.

9

¶¶ 8, 10. The court refused to consider the May 12, 2021, letter because it was outside the appellate record. Moreover, it found "Simpson's assertion would strain credulity in light of his plea colloquy with the trial court, during which he repeatedly confirmed his understanding to the contrary." *Id.* at ¶ 11.

After the affirmance on direct appeal, Simpson filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. That remedy is designed to allow vindication of constitutional rights where the required evidence is outside the record on direct appeal. In the body of the Petition Simpson escalates the rhetoric, accusing Attorney Kollin of lying to him about the burden of proof and proposing a way he could plead no contest and preserve his self-defense claim for appeal, expecting the Ohio Supreme Court would soon force the Second District Court of Appeals into conformity with other Districts which were applying the new burden of proof on self defense to cases which had not yet been tried when the law changed. He claims his "intent to go to jury trial was consistent and unwavering [sic] from the beginning to the present . . ." (Petition, ECF No. 10, Ex. 32, page 271 of 462[3].) He asserts he argued over the plea agreement's refusal to merge voluntary manslaughter and felonious assault. *Id.* at 274 of 462. He asserts Attorney Kollin told him he could appeal the original charges. *Id.* at 275 of 462. He complains the judge would not answer his questions directly, but made him go through his attorney. *Id.* at 276 of 462.

The Petition is not sworn to and is not accompanied by any affidavits, either from Simpson, Kollin, or anyone else. Judge Buckwalter denied the Post-Conviction Petition as barred by *res judicata* because it raised the same claims Simpson had raised on direct appeal (Judgment, State Court Record, ECF No. 10, Ex. 34).

Simpson appealed but filed the Notice of Appeal in the wrong court resulting in its

---

[3] The PageID number is obscured because the State failed to comply with the Court's Order for Answer in this respect.

dismissal. Thus the last reasoned decision on Simpson's claim of an involuntary plea and ineffective assistance of trial counsel is that it is barred by *res judicata*. Because neither the trial court on post-conviction nor the appellate court on appeal from that dismissal reached the merits of Simpson's claim, the last reasoned decision on the merits is that of Judge Tucker for the Second District on direct appeal. That court held Judge Buckwalter had complied with Ohio R. Crim. P. 11 and found the no contest plea was knowing, intelligent, and voluntary. That is the correct standard from *Boykin, supra.* It also held Simpson had proved neither prong of the required standard for ineffective assistance of trial counsel from *Strickland v. Washington,* 466 U.S. 668 (1984).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000) *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

In upholding the no contest plea, the Second District applied the correct federal standard. Simpson makes a myriad of fact assertions which, if true, would undermine the finding that the plea was valid. Simpson's difficulty is that none of those facts is available for consideration by this Court because he procedurally defaulted in his opportunities to present them to the Ohio courts. Whatever was in Simpson's head when he pleaded no contest or signed the plea agreement papers,

11

none of it is a matter of record either in the trial court transcript or in any admissible evidence in the post-conviction proceeding. His lengthy Declaration and any evidence which might be offered at an evidentiary hearing in this Court is barred by *Cullen v. Pinholster,* 563 U.S. 170 (2011)[4]. He makes elaborate and detailed claims about Attorney Kollin's strategy, but it is not corroborated by a scrap of evidence presented to the Ohio courts. We do not know if he even sought to have Attorney Kollin submit an affidavit to the post-conviction court.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*,

---

[4] Petitioner writes *Pinholster* off: "*Pinholster* cannot be viewed as intolerably restrictive, as Respondent suggests, when a petitioner is the victim of a manifest injustice." (Traverse Reply, ECF No. 15, PageID 896). But the Magistrate Judge knows of no "manifest injustice" exception to *Pinholster* and Petitioner certainly has cited none. Petitioner cites three cases on the scope of evidentiary hearings in habeas, *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir.1996), *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003); and *Turner v. United States*, 183 F.3d 474, 477 (6th Cir.1999) (citation omitted). All three were decided before *Pinholster* and their authors were probably as surprised as the undersigned by the *Pinholster* decision.

456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster*

13

> *County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), and relied on here is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). "[P]resentation of competent, relevant, and material evidence *dehors* the record may defeat the application of *res judicata*." *State v. Lawson*, 103 Ohio App. 3d 307 (12th Dist. 1995), but none has been offered. The *res judicata* bar was certainly enforced in this case in post conviction proceedings. Simpson has offered no excusing cause and prejudice.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

14

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v.*

15

*Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

On the face of the record, it can hardly be deficient performance to negotiate a no contest plea for voluntary manslaughter with an agreed recommended sentence of eighteen years when one's client is faced with a murder charge. And not just any murder charge. Simpson was accused and convicted of patricide. His father was an eighty-five year old disabled veteran. He died not just beaten with a fireplace implement, but with over one hundred knife wounds. And Simpson admits he was heavily intoxicated when it happened.

Simpson claims he wanted to go to trial on his self-defense claim, but he fails to suggest what persuasive evidence he would have had even with the changed burden of proof. At some point he suggests he wanted to rely on the "castle" doctrine which is now a part of Ohio self-

defense law[5]. But the murder took place not in his home but in his father's home where he was a guest. The Second District's conclusion that he was not prejudiced by his trial attorney's conduct is not an unreasonable conclusion on the facts presented to the Ohio courts.

Petitioner argues that the Second District did not consider Petitioner's ineffective assistance of trial counsel claim in the 2018 case and so no deference is due. But Petitioner does not have a viable ineffective assistance of trial counsel claim arising out of the 2018 case because he is not confined on a judgment from that case. Indeed the Second District did not render a judgment on that case at all except to find that there was no final appealable order because the cases had been dismissed without prejudice on joint motion of Petitioner and the State.

**Conclusion**

If it is true that if Attorney Kollin gave the advice he is said to have given and made the promises he is alleged to have made and that induced Petitioner to plead, he provided Simpson with ineffective assistance of trial counsel. However, despite the exhaustive repetition of that supposedly bad advice in the Traverse, the only sworn testimony are Simpson's statements in the plea colloquy which he now admits – indeed adamantly insists -- were untrue. Insistent repetition of allegations does not convert them into testimony.

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

---

[5] The Ohio General Assembly has made a number of recent changes to self-defense law at different times. Convicted persons who believe they acted in provable self-defense tend to be imprecise on the dates those changes were made.

be permitted to proceed *in forma pauperis*.

August 28, 2024.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #