# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID L. SIMPSON,

        Petitioner,  :  Case No. 3:23-cv-253

  - vs -      District Judge Michael J. Newman
                          Magistrate Judge Michael R. Merz

JENNY HILDEBRAND, WARDEN,
 Madison Correctional Institution,

                              :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 22) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (the "Report," ECF No. 17). District Judge Newman has recommitted the case for consideration of the Objections (ECF No. 23).

On March 18, 2018, Simpson beat his father to death with a fireplace implement. *State v. Simpson,* 2021-Ohio-2700, ¶ 2 (Ohio App. 2d Dist. Aug. 6, 2021). The victim was an eighty-five year old veteran who died in his own home with over 100 knife wounds to his body; Simpson admits he was heavily intoxicated when this happened.

The Greene County grand jury indicted Petitioner for this crime on counts of murder and felonious assault (Indictment in Case No. 2018 CR 226, State Court Record, ECF No. 10, Ex. 1[1]).

---

[1] For reasons not explained to the Court, virtually all exhibits in the State Court Record are duplicated.  Thus there are two Exhibits 1 which appear to be duplicates of one another.

1

The case was litigated under that case number for more than two years. During that time Simpson's trial attorney, Thomas Kollin, was able to negotiate these charges down to one count each of voluntary manslaughter, felonious assault, and tampering with evidence with an agreed recommended sentence of eighteen years.

Every American jurisdiction recognizes the defense of self-defense in some form. Robinson, Criminal Defenses, §132 (1984), citing as to Ohio *State v. Robbins*, 58 Ohio St. 2d 74 (1979). Self-defense has been an affirmative defense in Ohio since at least adoption of the Revised Code in 1954. As structured in the Revised Code, the defense required the defendant to prove the elements by a preponderance of the evidence. ¶ 2 of the syllabus[2] in *Robbins* reads:

> 2. To establish self-defense, the following elements must be shown: (1) the slayer was not at fault in creating the situation giving rise to the affray; (2) the slayer has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the slayer must not have violated any duty to retreat or avoid the danger. (*State v. Melchior,* 56 Ohio St.2d 15, 381 N.E.2d 195, 381 N.E.2d 190, approved and followed.)

Allocating the burden of production and burden of proof in that way was held to be constitutional by the Supreme Court in *Martin v. Ohio,* 480 U.S. 228 (1987).

However, the General Assembly has modified the defense since *Martin*. In § 1 of House Bill 2018 228, it provided that if there was evidence presented at trial by either side that tended to show the defendant acted in self-defense, the burden of proof shifted to the prosecution to prove beyond a reasonable doubt that the defendant did not use force in self-defense[3]. Simpson apparently believed that he was entitled to present a defense of self-defense under the modified

---

[2] *Robbins* was decided at a time when Ohio followed the rule that the law of an Ohio Supreme Court decision was set forth in the syllabus set forth at the outset of the decision. That is no longer the law.
[3] A second modification adopting the so-called "castle doctrine" was adopted effective April 6, 2021. That amendment is not at issue in this case.

self-defense rule in Ohio. That amendment became effective March 28, 2019, a year after the crime in this case was committed on March 18, 2018. (Indictment, State Court Record ECF No. 10, PageID 252). Simpson's position would have required Judge Buckwalter to apply the new provision retroactively, i.e., to a crime committed before its effective date but not tried until after that date. On December 19, 2019, the prosecutor filed a memorandum opposing retroactive application (Docket Sheet, State Court Record, ECF No. 10, Ex. 44, PageID 619[4]).

Simpson had been indicted in Case No. 2018 CR 226. The case was scheduled for trial on September 21, 2020. *Id.* at PageID 680. On September 16, 2020, Judge Buckwalter held that Simpson was not entitled to a jury instruction based on the new law. *Id.* at PageID 689. On October 5, 2020, the parties jointly moved "to dismiss the indictment in Greene County Case No. 2018 CR 0226, without prejudice, as a Bill of Information in Case No. 2020 CR 0609 has been filed." (Joint Motion, State Court Record, ECF No. 10, Ex. 3). In fact the Bill of Information to which Simpson eventually pleaded no contest had been filed several weeks earlier on September 17, 2020, the day after Judge Buckwalter decided the jury instruction question, and Simpson had initially pleaded not guilty. (State Court Record, ECF No. 19, Exs. 5, 7).

After Judge Buckwalter found Simpson guilty and sentenced him, he appealed and obtained new counsel. He assigned as error two asserted violations of Ohio R. Crim. P. 11 and a claim that he had pleaded no contest because of the ineffective assistance of trial counsel (Appellant's Brief, State Court Record, ECF No. 10, Ex. 17, PageID 305). Simpson attempted to supplement his brief on appeal with a letter explaining to the Court of Appeals that his attorney led him to believe that by entering his plea agreement he could appeal the issue of the allocation of the burden of proof for self-defense in the dismissed murder case and go to trial on the original

---

[4] The actual Memorandum is not part of the State Court Record filed in this Court, but only the docket sheet. Petitioner has never filed a motion to expand the record to include this Memorandum or for any other purpose.

charges. The Second District affirmed the conviction, declining to consider Petitioner's letter because it was not part of the appellate record and was unauthenticated. *State v. Simpson*, 2021-Ohio-2700, ¶ 11 (Ohio App. 2nd Dist. Aug. 6, 2021). Nonetheless, the Second District did consider on the merits Simpson's Third Assignment of Error which claimed his plea was voidable because his trial attorney had supposedly advised him he could appeal the 2018 case.

Petitioner's Objections begin by claiming the Report makes the same error as the Second District did on appeal: focusing entirely on the 2020 case in which the no contest plea was entered (Objections, ECF No. 22, PageID 943-46 "Preamble"). However, as the Report points out, it is only the 2020 case which is at issue here. Simply put, habeas corpus exists to test the constitutionality of a judgment under which someone is imprisoned. Simpson is not imprisoned on any judgment from the 2018 case which was dismissed without prejudice and has never been refiled.

**Objection One: Simpson Did Not Procedurally Default in State Court**

In his first numbered objection, Simpson asserts he did not procedurally default his ineffective assistance of trial counsel claim in state court (ECF No. 22, PageID 947-50).

Simpson did raise his ineffective assistance of trial counsel claim on direct appeal as his Third Assignment of Error (Appellant's Brief, State Court Record ECF No. 10, Ex. 17, PageID 305). The Second District decided that claim on the merits, but, as noted above, refused to consider Simpson's letter stating what his attorney had advised him because it was not part of the appellate record.

Simpson later attempted to submit a much more vitriolic statement of the same claim in

support of his petition for post-conviction relief. As noted in the Report, the post-conviction petition was not sworn to and not accompanied by any affidavits, but Judge Buckwalter denied it because the same ineffective assistance of trial counsel claim had been submitted on direct appeal and decided against Simpson, rendering the question *res judicata*.

Simpson argues *res judicata* does not bar consideration of his ineffective assistance of trial counsel claim, citing *Lundgren v. Mitchell*, 440 F.3d 754 (6th Cir. 2006), where the circuit court distinguished two variants of *res judicata* on collateral attack recognized by the Ohio courts. The *Lundgren* court's distinction correctly reads Ohio law. Where a defendant raises a claim on direct appeal and the appellate court decides it on the merits, *res judicata* bars that defendant from again raising the claim in post-conviction in the Ohio courts, but does not prevent federal habeas review on the merits. See *State v. Perry,* 10 Ohio St. 2d 175 (1967); *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). The Report does not suggest that *res judicata* bars review of Simpson's ineffective assistance of trial counsel claim on the merits, but considers that claim and rejects it, recommending deference to the Second District's decision on the merits.

Where *res judicata* enters the picture, appropriately under Ohio law, is on Simpson's attempt to re-litigate his ineffective assistance of trial counsel claim on post-conviction. Again, consistent with the distinction in *Lundgren*, Judge Buckwalter rejected that attempt on *res judicata* grounds and did not reach the merits. This habeas court is barred from reviewing the merits of the ineffective assistance of trial counsel claim as presented in post-conviction because the Ohio courts did not reach the claim in post-conviction because of Ohio's *res judicata* bar. The Sixth Circuit

has repeatedly upheld that bar. See *Perry* and the other cases cited above.

Simpson did procedurally default his ineffective assistance of trial counsel claim as he wants this Court to consider it, by not making a record in the trial court of the bad advice his trial attorney allegedly gave him. His attempt to add that to the appeal record was rejected because it was not part of the appellate record. Limiting appeals to the record made in the trial court is a clearly established rule independent of federal law and consistently followed by the Ohio courts as it was here. Thus it clearly meets the criteria for procedural default enunciated in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), which provides the governing standard for procedural default in this circuit.

**Objection No. 2 – The Record Did, In Fact, Contain Evidence in Support of Simpson's Claims that His Plea Was Not Voluntarily Entered, and Petitioner is Entitled to an Evidentiary Hearing to Supplement the Record**

In his Second Objection, Simpson first claims there is some evidence in the record to support his claim of ineffective assistance of trial counsel. But "some evidence" is not the test. Rather under 28 U.S.C. § 2254(d)(2), a habeas court must defer to a state court decision on the merits "unless the state courts' denial of the claim was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s].'" 28 U.S.C. § 2254(d)(2). "[R]egardless of whether [a federal court] would reach a different conclusion were [it] reviewing the case *de novo*, the findings of the state court must be upheld unless there is clear and convincing evidence to the contrary." *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001). Simpson has not undertaken to make that showing, relying instead on some indications that he was not completely clear about the consequences of his plea. It is not infrequently the case that an imprisoned person asserts he did not understand all the consequences of a plea with lawyer-like

certainty, but that is not the test. The factual findings of a state court that a plea was proper generally are generally presumed to be correct. *Dunn v. Simmons*, 877 F.2d 1275 (6th Cir. 1989), overruled on other grounds by *Parke v. Raley,* 506 U.S. 20 (1992). Whether a guilty or no contest plea is or is not voluntary is a mixed question of fact and law, but state court historical factual findings underlying the determination are entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *Parke v. Raley*, 506 U.S. 20 (1992). Criminal Rule 11 proceedings are designed to ensure that a defendant has the understanding necessary to make the plea knowing, intelligent, and voluntary. Whether those proceedings have succeeded is a question of fact. Both Judge Buckwalter and the Second District found that they had. Simpson concedes that the trial court complied with Rule 11. The Report concluded that was sufficient to command deference to the state courts' decision.

Simpson disagrees and claims he should be given an evidentiary hearing in this Court at which he and his trial attorney would testify[5]. The Report concluded that such a hearing was barred by *Cullen v. Pinholster,* 563 U.S. 170 (2011). Simpson disagrees. He cites Supreme Court decisions that pre-date *Pinholster* about the value of evidentiary hearings. The Magistrate Judge agrees and frequently held evidentiary hearings in habeas cases before *Pinholster* forbade them. Simpson cites non-habeas cases in which evidentiary hearings have been held, but they are inapposite. *Pinholster's* holding is clear and broad: when a state court decides on the merits a constitutional questions later presented in habeas, the habeas court is limited to the record that was before the deciding state court. In the thirteen years since *Pinholster* was decided, the Supreme Court has given no hint of a retreat from its holding. And in any event "Unless we wish anarchy

---

[5] This seems to be a concession that Attorney Kollin is competent to testify on what advice he gave Simpson, yet the papers in this case are devoid of any representation from Kollin about what that advice was or even of any attempt by Simpson or his counsel to get an affidavit from Kollin.

7

to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982); *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506 (11th Cir. 1987). The Court has written "[I]t is this Court's prerogative alone to overrule one of its precedents." *United States v. Hatter*, 532 U.S. 557, 567 (2001)(quoting *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997)). "Our decisions remain binding precedent until we see fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality." *Hahn v. United States,* 524 U.S. 236, 252-253 (1998).

**Objection No. 3 – The Second District Court of Appeals' Conclusions, that Simpson Failed to Rebut the Presumptive Validity of His Plea and Failed to Establish that His Trial Attorney Provided Ineffective Assistance, and the Trial Court's Decision to Not Grant an Evidentiary Hearing on Simpson's Post Conviction Petition, Should Not Be Given Deference Under 28 U.S.C. § 2254(d)(2), Because the State Courts' Decisions Were Based on an Unreasonable Determination of the Facts in Light of the Evidence Presented in the State Court Proceedings**

In his third objection, Simpson claims he did not understand the consequences of his no contest plea. The gravamen of his third objection is summed up as follows:

> Simpson also understood that by pleading no contest, he was preserving his right to appeal the trial court's rulings, but the court never inquired of him whether Simpson understood that he was forfeiting those rights in the 2018 case. The 2020 Case was bare-bones and nothing to appeal. The trial court had to have understood that the purpose of pleading no contest was to preserve appeal rights, and that the only matters of substance worth appealing were in the 2018 Case. Yet the court was silent on that issue, and none of the trial court's inquiries addressed those rights.

(ECF No. 22, PageID 964). Simpson again relies on alleged facts which are not of record. There is no sworn statement by any person – Simpson or Kollin or anyone else – about what Simpson did or did not understand. The Petition itself is not signed by Simpson and the attached declaration is not made under penalty of perjury or manually signed by Simpson.

Simpson relies on unpublished precedent applying a "totality of the circumstances" test to the acceptability of a no contest plea. (Objections, ECF No. 22, PageID 965, citing *United States v. Shults*, 68 F. App'x 648, 657 (6th Cir. 2003)). But that test cannot be applied to all consequences of a plea. For example, a first offender may have no idea of prison conditions when he accepts a plea deal for even one year. In this case, the consequence Simpson claims he did not know was that he was giving up his right to a jury trial on his self-defense claim. But when asked if he understood he was giving up his right to a jury trial, he said he did.

Simpson criticizes the Report for focusing on the very favorable result Attorney Kollin achieved of a shorter sentence than he would have faced had he been convicted as charged. The Magistrate Judge agrees that the favorable result cannot excuse deficient performance, although it raises significant questions about prejudice, the second prong of *Strickland v. Washington,* 466 U.S. 668 (1984). The point is not whether the allegedly given bad advice was deficient performance, but whether the Second District's conclusion on the ineffective assistance of trial counsel claim is contrary to the actual evidence before it. It is not.

**Objection No. 4 – Simpson is Entitled to a Certificate of Appelability [sic]**

The Report recommends denying a certificate of appealability because reasonable jurists would not disagree with its conclusion that this Court should defer to the Ohio courts' decision on the merits of Simpson's ineffective assistance of trial counsel claim. The Report does not recommend dismissal on procedural grounds, but on the merits. Simpson has cited no case in which any judge has granted habeas relief on a record such as this.

The Report's recommendation that the Court certify to the Sixth Circuit that any appeal

would be frivolous is withdrawn as surplusage. Such a recommendation would go to whether Simpson could appeal *in forma pauperis* and because he has retained counsel, that issue did not arise in this Court.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability.

October 9, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #